# NO. 14-60012

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

In re BENJAMIN MENJIVAR, Debtor

BENJAMIN MENJIVAR, SARA MENJIVAR,

Plaintiffs-Appellants,

v.

WELLS FARGO BANK, NA.,

Defendant-Appellee

## APPELLANTS' REPLY BRIEF

Richard L. Antognini
(CA Bar No. 075711)
LAW OFFICE OF
RICHARD L. ANTOGNINI
2036 Nevada City Highway,
Suite 636
Grass Valley, California
95945-7700
Telephone: (916) 295-4896
E-Mail: rlalawyer@yahoo.com

Philip E. Koebel
(CA Bar No. 249899)
LAW OFFICES OF
PHILIP E. KOEBEL
1015 N. Lake Avenue,
 Suite 210
Pasadena, California 91104
Telephone:  (626) 629-8199
Facsimile:    (626) 410-1149
E-Mail: LawOfPEK@gmail.com

 Attorneys for Debtor and Appellants
  BEJAMIN MENJIVAR and SARA MEJHIVAR

-i-

# TABLE OF CONTENTS

|  | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. ARGUMENT | 2 |
| A. The Menjivars have pleaded rescission | 2 |
| B. The statute of limitations for rescission is four years, even when based on fraud. | 5 |
| C. Wells Fargo suffers no prejudice by having to face a rescission claim now. | 7 |
| D. The Menjivars do not need to give notice of rescission or plead tender. | 9 |
| E. Wells Fargo's other arguments do not work. | 10 |
| F. HOLA preemption does not apply under the plain language of the HOLA statutes and regulations. | 12 |
| III. CONCLUSION | 13 |
| CERTIFICATE OF WORD COUNT-CIRCUIT RULE 28.2.6 | 14 |
| CERTIFICATE OF SERVICE | 15 |

## TABLE OF AUTHORITIES

**Page**

### Federal Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .......................................................... 7

*Butler v. Commissioner,* 760 F.2d 1039 (9th Cir. 1985) ................................ 8

*Intri-Plex Techs., Inc. v Crest Group, Inc.,* 499 F.3d 1048 (9th Cir. 2007) .......................................................................................... 4

*Lynch v. Alworth-Stephens Co.,* 267 U.S. 364 (1925) ............................. 6, 12

*Rosenfeld v., JPMorgan Chase Bank, N.A.* 732 F.Supp.2d 952 (N.D. Cal. 2010) .......................................................................................... 11

### California Cases

*Runyan v. Pacific Air Industries, Inc.,* 2 Cal.3d 304 (1970) .......................... 5

### California Statutes

Business and Professions Code sections 17200 *et seq.* ............................... 10

Civil Code section 1689 (b) ....................................................................... 5, 6

Civil Code section 1691 (b) .......................................................................... 9

Civil Code section 1692 ................................................................................ 4

Code of Civil Procedure section 337 (3) ............................................. 6, 7, 11

## I. INTRODUCTION

Let us begin with what this case is not. It is not an appeal of a judgment after trial, or even an appeal of a summary judgment motion. It is an appeal from a ruling on a motion to dismiss. It asks if the appellants, Benjamin and Sara Menjivar (the "Menjivars") have stated a claim. Under California law, they have alleged all the elements required to rescind a written contract. By doing so, they have brought their case within California's four-year statute of limitations for rescission. As even appellee Wells Fargo Bank, N.A. (or "Wells Fargo") concedes, their case cannot be dismissed under the applicable four year statute.

Because the Menjivars have pleaded a valid rescission claim, Wells Fargo will have to file an answer. Discovery then can begin. Wells Fargo is free to conduct discovery and to move for summary judgment if it wishes. It even can take the case to trial. At every step along the way it can assert its defenses against the Menjivars' claims. It will not lose its chance to defend itself if the judgment is reversed.

## II. ARGUMENT

**A. The Menjivars have pleaded rescission.**

The Wells Fargo brief notes that the Menjivars "are bound by the facts which they actually pled." (Wells Fargo Answering Brief [or "Wells Fargo brief"], at page 22.) The Menjivars alleged the July 2007 loan was invalid because it was the product of fraud: "In the alternative, Plaintiffs request the court's determination that the Debtor may avoid the note as an actually or constructively fraudulent obligation and to disallow the claim in full because the deed of trust is incident to the note." (AER, Vol. 3, page 297, lines 26-27, page 298, lines 1-2.) The Menjivars then describe the fraud:

> Again, WORLD SAVINGS marketed the Plaintiffs relentlessly. Plaintiffs only agreed to talk with them because they promised to put the Plaintiffs into a fixed rate loan which was important as the Plaintiffs were planning to retire.
>
> WORLD sent them a document describing the fixed rate plan.

2

> In July 2007, Plaintiffs agreed to what they believed was a fixed-rate mortgage. But, they were deceived by WORLD SAVINGS; it was not a fixed rate. (AER, Vol. 3, at page 303, lines 18-26.)

The FAC alleged that this fraud voided the loan: "The note subcontract was also voidable due to fraud in the inducement. Fraud in the inducement exists when both parties are aware that a contract is in contemplation, but one party's consent to the bargain is seduced by lies or deliberate half-truths." (AER Vol. 3, at page 311, lines 26-28, page 312, lines 1-2.)

It is true that these allegations do not mention the words "rescind" or "rescission." But, they describe a claim for rescission based on fraud. The Menjivars allege that fraud by World Savings, Wells Fargo's predecessor, induced them to agree to the July 2007 loan. They contend that this fraud made the loan void. (AER Vol. 3, at page 297, lines 22-25.) They ask that the loan, including the deed of trust, not be enforced against them: "Wherefore, Plaintiffs pray for judgment against defendants as follows: [¶] For a

3

declaration that the mortgage claim is disallowed as unenforceable. (AER, Vol. 3, at page 329, lines 7-8.)

A rescission claim, if upheld, means that a contract is declared void and unenforceable against the plaintiff. See Civil Code section 1692; *Runyan v. Pacific Air Industries, Inc.,* 2 Cal.3d 304, 312-313 (1970). In effect, the Menjivars asked for rescission, without using that word. Their failure not to mention the exact word "rescission" cannot be held against them when they alleged all the elements of rescission. And, if "rescission" really must be used, they should have been granted leave to amend to put in that word. "Dismissal without leave to amend is improper, unless it is clear, upon de novo review, that the complaint could not be saved by an amendment." *Intri-Plex Techs, Inc. v. Crest Group,* 499 F.3d 1048, 1049 (9th Cir. 2007). This appeal really turns on a single word, which the Menjivars should be allowed to plead by amendment.

### B. The statute of limitations for rescission is four years, even when based on fraud.

The Wells Fargo brief is littered with contentions that the Menjivars' claim "sounds in fraud" and thus is subject to a three year statute of limitations. (Wells Fargo brief, at pages 24-25.) The implicit premise is that all claims for fraud, no matter the remedy sought, must fall under a three year statute of limitations.

This argument ignores the clear language of the rescission statutes. California Civil Code section 1689 (b) allows rescission for fraud: "A party to a contract may rescind the contract in the following cases: [¶] If the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, *fraud*. . . ." Thus, California law allows a party to rescind a contract obtained through fraud. No clever legal argument can get around this clear language. "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the

ingenuity and study of an acute and powerful intellect would discover." *Lynch v. Alworth-Stephens Co.,* 267 U. S. 364, 370 (1925).

Civil Code section 1689 (b) must be read together with California Code of Civil Procedure section 337 (3), which provides: "The periods prescribed for the commencement of actions are as follows: [¶] Within four years . . . [¶] An action based upon the rescission of a contract in writing." Again, the language is clear and again it must be followed: a four year statute of limitations applies to any claim for rescission of a contract in writing. The statute makes no exception for rescission based on fraud.

The Menjivars have demonstrated above and in their opening brief that they alleged all the elements of a claim for rescission of a written contract based on fraud. They allege:

6

- The formation of a contract (AER, Vol. 3, at page 303, lines 24-25)

- Their consent to enter into the contract was induced by the fraud of Wells Fargo's predecessor (AER, Vol., 3, at page 303, lines 18-26); and

- The contract should not be enforced because it is void. (AER Vol. 3, page 297, lines 26-27.)

Those allegations control on a motion to dismiss. *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009). In turn, those allegations invoke the four-year statute of limitations for rescission of a written contract under Civil Code section 337 (3).

### C. Wells Fargo suffers no prejudice by having to face a rescission claim now.

The Menjivars recognize they did not use the word "rescission" in their arguments to the bankruptcy court or the BAP. But, as they point out in their opening brief (at pages 37-38), they have not waived the rescission issue. Their FAC presented all the elements of a rescission claim, as they demonstrate above. And, the question of whether

7

they have stated a rescission claim, or can amend their FAC to state one, is a pure issue of law. This Court has discretion to hear new arguments on appeal when they present pure issues of law. *Butler v. Commissioner,* 760 F.2d 1039, 1041 (9th Cir. 1985).

Wells Fargo, however, contents it will be "prejudiced" if this Court allows the Menjivars to argue rescission now. (Wells Fargo brief, at pages 25-26). Because the Menjivars pleaded the elements of rescission, Wells Fargo was on notice that rescission was an issue. And, what prejudice will Wells Fargo really suffer? It can do discovery on the rescission claim when this case returns to the bankruptcy court. It can move for summary judgment if it concludes it has a good faith basis for that motion. It can defend itself against rescission at trial. Wells Fargo has lost no defense against a rescission claim. Because it still has all its defenses available, it will not be prejudiced.

### D. The Menjivars do not need to give notice of rescission or plead tender.

Wells Fargo attempts to make much of the fact that the Menjivars did not give notice of rescission. (Wells Fargo brief, at pages 28-29.) But, under California Civil Code section 1691 (b), a party who wants to rescind can give notice by filing and serving a complaint: "When notice of rescission has not been otherwise been given . . . the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice. . . ." The Menjivars pleaded a claim for rescission and served their FAC on Wells Fargo. They complied with section 1691.

Section 1691 (b) addresses tender: "A rescinding party must "Restore to the other party everything of value which he has received from him under the contract. . . ." The Menjivars allege they received nothing of value from the July 2007, which merely refinanced an earlier Wells Fargo loan. (AER, Vol. 3, at page 304, lines 2-11.) In fact, the Menjivars had to pay the closing costs themselves. *Ibid.* Because they allege they received nothing of value from the

9

July 2007 loan, they have no obligation to restore "everything of value which [they have] received . . . under the contract."

### E. Wells Fargo's other arguments do not work.

Wells Fargo makes the strange argument that the Menjivars cannot rescind because they allege no contract was formed. (Wells Fargo brief, at pages 33-34.) Actually, the Menjivars pleaded that a contract was formed, but it was obtained by fraud and should be declared void and unenforceable: "In July 2007, Plaintiffs agreed to what they believed was a fixed-rate mortgage." (AER, Vol. 3, at page 303, lines 24-25.) Later, the Menjivars asked for "a declaration that . . . that the in personam note obligation is avoided as a fraudulent obligation. . . ." (AER, Vol. 3, at page 329, lines 9-12.)

The Menjivars also have not waived their right to assert a claim under California's Unfair Competition law, Business & Professions Code sections 17200 *et seq*. (See Wells Fargo brief, at pages 38-40.) This claim also is based

10

on fraud and on illegal conduct by Wells Fargo's predecessor in marketing and issuing the July 2007 loan to the Menjivars. (See opening brief, at pages 31-32.) Because it is derived from allegations already in the FAC, Wells Fargo cannot cry surprise.

Wells Fargo cites a number of cases, such as *Rosenthal v. JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d 952 (N.D. Cal. 2010), for the proposition that a three year statute of limitations governs claims for fraud. (Wells Fargo brief, at pages 34-35.) That is true in one respect—a three year statute applies to claims for damages based on fraud. But, a four year statute applies to rescission based on fraud, Civil Code section 337 (3). The Menjivars have pleaded the elements of rescission. Their rescission claim is subject to a four-year statute, not a three year statute.

Wells Fargo also insists that the Menjivars waived any right to amend by not making a motion to amend in the bankruptcy court. (Wells Fargo brief, at pages 43-46.) Yet, the bankruptcy court made it clear it would not grant leave

11

to amend because it believed any claim would be beyond any applicable statute of limitations. (AER, Vol. 2, at page 145, lines 6-9, page 147, lines 6-9.) The courts do not require futile acts. If the bankruptcy court told the Menjivars that it would not approve any amendment, they were excused from making a motion to amend.

### F. HOLA preemption does not apply under the plain language of the HOLA statutes and regulations.

It is worth repeating the admonition of the United States Supreme Court 90 years ago: "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense. . . ." *Lynch v. Alworth-Stephens Co.,* 267 U. S. 364 at 370. Even Wells Fargo concedes that the HOLA statute and regulations protect only federal savings banks. (Wells Fargo brief, at pages 49-50). Wells Fargo also admits that it is a national bank, not a savings bank. If the plain language of the HOLA statute and regulations must be followed, as the Supreme Court warns, then Wells Fargo cannot claim HOLA preemption.

## III.  CONCLUSION

For these additional reasons, plaintiffs and appellants BENJAMIN MENJIVAR and SARAH MENJIVAR respectfully request that this Court reverse the judgment of the bankruptcy court and the BAP and remand this case for further proceedings.  They again ask that on remand they be allowed to amend their First Amended Complaint.

Dated:  October 26, 2015      LAW OFFICE OF
RICHARD L. ANTOGNINI

By:

/s/ Richard L. Antognini
Richard L. Antognini
Attorneys for
Plaintiffs and Appellants
BENJAMIN MENJIVAR,
SARA MENJIVAR

## RULE 32 CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Fed. R. App. P. 32 (a) (7) (B) because this brief consists of 2,346 words, as counted by the Microsoft Word 2007 word processing program used to generate the brief.

In addition, this brief complies with the typeface requirements of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because the brief was prepared in a proportionally spaced typeface using Microsoft Word 2007, Century Schoolbook 14 point.

Dated:  October 26, 2015    LAW OFFICE OF
RICHARD L. ANTOGNINI

By:
/s/ Richard L. Antognini
Richard L. Antognini
Attorneys for
Plaintiffs and Appellants
BENJAMIN MENJIVAR,
SARA MENJIVAR

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Appellants' Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 26, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 26, 2015

/s/ Richard L. Antognini
Richard L. Antognini
Attorneys for
Plaintiffs and Appellants
BENJAMIN MENJIVAR,
SARA MENJIVAR
